**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CHERYL O'TOOLE, ) | |
| ) | |
| Plaintiff ) | **Case No.:** |
| ) | |
| v. ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| EOS CCA, ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| Defendant ) | |
| ) | |

## COMPLAINT

CHERYL O'TOOLE ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against EOS CCA ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA")

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original

jurisdiction of all civil actions arising under the laws of the United States, and 28 U.S.C. § 1367 grants this Court supplemental jurisdiction over any state law claims.

3. Defendant conducts business and has its main office in the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Cranston, Rhode Island.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with its United States corporate headquarters located at 700 Longwater Drive, Norwell, Massachusetts, 02061.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant was attempting to collect a student loan debt from Plaintiff allegedly owed to Sallie Mae.

12. Plaintiff never took out a student loan with Sallie Mae and owes no debt to Sallie Mae.

13. Upon information and belief, the alleged debt at issue arose out of transactions,

which were primarily for personal, family, or household purposes.

14. Between April and May 2012, Defendant's collectors placed repeated and harassing telephone calls to Plaintiff's cellular telephone number.

15. Plaintiff received phone calls and voice messages from Defendant on a number of occasions from the following phone number (877) 290-0920. The undersigned has confirmed that the number belongs to Defendant.

16. During this time, Plaintiff received an average of two telephone calls per day from Defendant.

17. There was no purpose to calling twice a day, or to programming an auto-dialer to do so, except to harass.

18. Defendant often called Plaintiff using an automated calling system and/or a prerecorded or artificial voice.

19. Plaintiff never consented to receiving calls from Defendant by means of an automated calling system and/or a prerecorded or artificial voice.

20. Defendant's telephone calls were not placed for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

21. Defendant has advised Plaintiff that it would report this debt to the credit bureaus despite the fact Plaintiff disputed owing this debt.

22. Plaintiff was never advised by Defendant of her rights to dispute the claim, nor the means to communicate a dispute of this claim in writing.

23. Defendant was told to cease calling, but continued to call anyway.

24. Plaintiff requested the Defendant to provide written documents in support of their claim, but Defendant did not provide any such documents.

25. Defendant's actions as described herein were taken with the intent to harass, confuse, upset, and coerce payment from Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

26. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

27. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, and when it engaged in other harassing or abusive conduct.

**COUNT II**
**DEFENDANT VIOLATED § 1692d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

28. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

29. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

**COUNT III**
**DEFENDANT VIOLATED § 1692e and 1692e(10) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

30. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

31. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect a debt.

32. Defendant violated §§ 1692e and 1692e(10) of the FDCPA when it attempted to collect a debt Plaintiff does not owe, and when it made other false, deceptive or misleading representations.

## COUNT IV
## DEFENDANT VIOLATED § 1692fe(2)(A) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

33. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from falsely representing the character, amount or legal status of a debt.

34. Defendant violated § 1692e(2)(A) of the FDCPA when it sought to collect a debt Plaintiff does not owe.

## COUNT V
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

35. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

36. Defendant violated § 1692f of the FDCPA when it placed repeated harassing telephone calls to her, when it sought to collect a debt Plaintiff does not owe, and when it used other unfair and unconscionable collection means.

## COUNT VI
## DEFENDANT VIOLATED § 1692f(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

37. Section 1692f(1) of the FDCPA prohibits a debt collector from collecting any

amount unless it is expressly authorized by agreement or law.

38. Defendant violated § 1692f(1) of the FDCPA when it sought to collect a debt not created by any contract and not permitted by law.

### COUNT VII
### DEFENDANT VIOLATED § 1692g(a) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

39. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, and that if the debt is disputed, the debt collector will obtain verification of the debt.

40. Defendant violated § 1692g(a) of the FDCPA when it failed to send the Plaintiff any written notice containing or describing how Plaintiff could obtain verification of the debt, how she could dispute the debt, the amount of the debt, or the original creditor of the subject debt.

### COUNT VIII
### DEFENDANT VIOLATED
### THE TELEPHONE CONSUMER PROTECTION ACT

41. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

42. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary

43. Upon information and belief, despite the fact that Plaintiff never consented to Defendant making calls to her telephone, Defendant repeatedly placed non-emergency calls to Plaintiff's telephone without Plaintiff's consent.

44. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

45. Here, upon information and belief, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff's cellular telephone.

46. Upon information and belief, Defendant contacted Plaintiff on her cellular telephone several times.

47. Defendant did not have Plaintiff's express consent prior to contacting her on her cellular telephone using an automatic telephone dialing system.

48. Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

WHEREFORE, Plaintiff, CHERYL O'TOOLE, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A.);

   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

   d. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B);

   e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHERYL O'TOOLE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 04/10/13          KIMMEL & SILVERMAN, P.C.

By: /s/ Craig Thor Kimmel
    Craig Thor Kimmel
    Attorney ID # 662924
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 778-2864
    Email: kimmel@creditlaw.com